## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID WHITMORE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-11-1064-R** |
| | ) | |
| **DAVID PARKER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate

Judge Bana Roberts entered May 30, 2012 and Petitioner's Objection to the Report and

Recommendation filed July 6, 2012 [Doc. No. 19].  Also before the Court is Petitioner's

Motion for Judicial Notice [Doc. No. 18].

The Court GRANTS Petitioner's motion for judicial notice.  The Court has taken

notice of the proceedings in Case Nos. CIV-10-1347-M and CIV-11-539-R.  The case

number for the third case cited by Petitioner is incorrect.

The Court reviews the Report and Recommendation *de novo* in light of Petitioner's

objections.  Petitioner asserts that the disciplinary offense report is completely and purposely

false and that he is therefore totally innocent of the charge.  However, Petitioner has not

submitted an affidavit or other evidence showing that this was the case.  Moreover, there was

sufficient evidence, that is, "some evidence" to support the decision that Petitioner was guilty

of the charge of threatening a staff member. *See Superintendent, Massachusetts Correctional*

*Institution v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1085).

Petitioner contends that the Magistrate Judge used the wrong standard in assessing whether Petitioner was denied due process based upon his lack of access to a videotape of the confrontation at issue, that is, that Petitioner must demonstrate bad faith on the part of prison officials resulted in the unavailability or destruction of the videotape.  Petitioner asserts that the proper standard is whether prison officials had a duty to preserve the videotape, *citing Kounelis v. Sherrer*, 529 F.Supp.2d 503 (D.N.J. 2005) and *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2003).  Petitioner asserts that prison officials' duty to preserve videotape was triggered when the offense report was turned into the shift supervisor and he referred it for investigation or, at the latest, when Petitioner requested videotape of the incident, on November 2, 2009.  In any event, however, Petitioner asserts that bad faith can be inferred because prison officials were aware the disciplinary hearing was imminent and didn't preserve it; Brandy Kirkpatrick, the assigned investigator, has a history of delaying initiating an investigation and waiting until video footage is no longer available to attempt to retrieve it; and Brandy Kirkpatrick's affidavit in this case (Exhibit "3" to Response [Doc. No. 10]) is contrary to the Memorandum dated November 12, 2009 signed by Brandy Kirkpatrick (part of Exhibit "2" to Response [Doc. No. 10]).

First, Petitioner is wrong as to the governing standard.  Whether destruction or loss of potentially exculpatory evidence constitutes a due process violation in the prison disciplinary setting depends on whether prison officials lost or destroyed the evidence in bad faith.  *Godlock v. Fatkin*, 84 Fed. Appx. 24, 2003 WL 22954301 at *3 (10th Cir. Dec. 16, 2003)(No. 03-6003), *citing Arizona v. Youngblood*, 488 U.S. 51, 57-58, 109 S.Ct. 333, 102

L.Ed.2d 281 (1988) and *Griffin v. Spratt*, 969 F.2d 16, 18 (3ʳᵈ Cir. 1992).  With regard to the duty to preserve evidence, assuming, as Investigator Kirkpatrick attests, that the video system only holds 28 days' worth of video (Petitioner maintains the video system stores approximately 30 days of taping), any video of the incident was still available when Ms. Kirkpatrick reviewed videotape on November 12, 2009.  As the Court understands the evidence herein, the problem was that no camera recorded the incident in question so no video of the incident was available.  Accordingly, assuming prison officials had the duty to preserve evidence, no breach of that duty occurred.  Likewise, since videotape for the day of the incident was still in existence on November 12, 2009, when Ms. Kirkpatrick reviewed videotape after Plaintiff requested it on November 2, 2009, no bad faith on the part of Ms. Kirkpatrick or prison officials can be inferred.  Videotape was not lost, destroyed or recorded over.  Rather, no camera captured the incident in question.

The Court notes the discrepancy between Ms. Kirkpatrick's Memorandum of November 12, 2009, in which she states "[d]ue to the camera system being on a continuous loop, the video for that date is no longer available," and her Affidavit, in which she attests that she was "unable to locate the incident" from videotape of "all cameras that could have captured the incident" and that she had informed Petitioner "that video footage of that incident is not available."  However, her statement in the Memorandum is not sworn and, in any event, the discrepancy is not sufficient to raise an inference of bad faith loss or destruction of videotape of the incident.

The cases cited by Petitioner do reflect what would appear to be unnecessary delay

by Investigator Kirkpatrick in reviewing videotape for evidence of incidents that are the bases for disciplinary proceedings.  However, the facts in the cited cases are distinguishable from that herein and, as discussed above, Ms. Kirkpatrick did not delay in reviewing videotape herein until after the 28-day video had been taped over.

Finally, the Court agrees with the Magistrate Judge that inasmuch as the prison video cameras have no audio capability, any video footage of the incident would not have provided any relevant exculpatory evidence.  A verbal threat is not necessarily accompanied by threatening body language.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 13] is ADOPTED and the petition of David R. Whitmore for a writ of habeas corpus is DENIED.

IT IS SO ORDERED this 11th day of July, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE